```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GERHARD WANZENBOCK                 :      CIVIL ACTION
1434 Leonard Street                :
Philadelphia, PA  19146            :
                                   :
          Plaintiff                :      JURY TRIAL DEMANDED
                                   :
     v.                            :
                                   :
                                   :
SULLIVAN ASSOCIATES, INC.          :
6372 Via Venetia North,            :
Delray Beach, Florida 33484.       :      No.  02-142
                                   :
          And                      :
                                   :
ANDREW SULLIVAN                    :
6372 Via Venetia North,            :
Delray Beach, Florida 33484.       :
                                   :
          Defendants.              :
```

## AMENDED COMPLAINT

### I.   JURISDICTION, VENUE AND NATURE OF ACTION

1.   This is an action to enforce a settlement agreement of an employment action originally filed on January 9, 2002. Jurisdiction is vested in this court by virtue of the existence of a federal question under the Employee Retirement Income Security Act [hereinafter "ERISA"], 29 U.S.C. 1001, et. seq., particularly §1132 of the Act.  Venue is proper in this district because the action arose herein, and because all  parties are found herein.

**II.   PARTIES**

    2.   Plaintiff Gerhard I. Wanzenbock is an individual citizen of the United States, residing in this district at the above-captioned address.

    3.   Defendant Sullivan Associates, Inc. [hereinafter "the firm"] is a closely held Pennsylvania corporation which maintains a place of business at the above-captioned address, and which conducted business in this district at all times material hereto.

    4.   Defendant Andrew Sullivan resides at the above-captioned address, and is the president, treasurer and sole stockholder of Sullivan Associates, Inc.

**III.  Allegations of Fact in the Underlying Action**

    4.   Plaintiff was employed by the firm beginning on or about October 22, 1984.

    5.   On or about July 1, 1988, plaintiff and the firm entered into an employment agreement ["the agreement"].

    6.   Plaintiff remained employed by the firm continuously for more than 12 years, through October 8, 2000, when he was discharged from his employment.

    7.   Plaintiff was discharged by Andrew Sullivan, who at all times was acting within the scope and course of his employment as president of the firm.

8.  Section 5.1 of the agreement provided that the firm provide (90) day notice to plaintiff should the firm wish to terminate the agreement.

9.  The firm provided no such notice to Mr. Wanzenbock.

10. Section 4.1 of the agreement also provided that the plaintiff shall be awarded an annual bonus of five percent of plaintiff's annual salary based on plaintiff's performance.

11. Despite uniformly excellent performance reviews, Mr. Wanzenbock received no annual bonus from 1993 through 2000.

12. Section 4.2 of the agreement entitled plaintiff to participate in the firm's profit-sharing plan ["the plan"]. Plaintiff participated during each year following 1988.

13. The plan is an employee benefit plan as that term is defined by ERISA, 29 U.S.C. §1002(3).

14. As described in more detail hereinbelow, despite plaintiff's counsel's April 5, 2000 written request to the firm, plaintiff did not receive information regarding benefits accrued in the plan for the year 1999 until August 8, 2001.  The firm also failed to place the correct amount of employee contributions withheld from Mr. Wanzenbock's paycheck into his 401(k) plan in a timely fashion.

15. Furthermore, under the terms of Congressional Omnibus Budget Reconciliation Act ["COBRA"], as incorporated in ERISA at 29 U.S.C. §1161 et seq., plaintiff was entitled to continue his

coverage under the firm's health benefit plan for 18 months following his termination. The firm is sponsor of the health benefits plan, as defined by 29 U.S.C. §1002(16)(B).

   16.  The firm did not provide COBRA coverage for plaintiff following his termination, during which time plaintiff was forced to pay in full for necessary medical treatment.

   17.  As a result of the firm's acts and/or omissions, as averred hereinabove, plaintiff has been deprived of monies and benefits due him under the plan and COBRA, and has not received the five percent annual bonus due him pursuant to his employment contract with the firm.

   18.  In addition, Plaintiff has been forced to pay for the medical treatment which rightfully should have been covered by insurance pursuant to COBRA.

**IV.  Allegations of Fact Regarding Settlement**

   19.  This matter was settled by the parties before the Honorable Carol Sandra Moore Wells in her chambers in May, 2003.

   20.  On June 9, 2003, the parties executed a Settlement Agreement and Mutual Release ["Agreement"], attached hereto as Exhibit A.  Paragraph No. 10 of the Agreement provides that the Court shall retain jurisdiction to enforce the terms and conditions thereof.

   21.  On June 10, 2003, the Court entered an Order dismissing the action with prejudice.  The Order, a copy of which is attached

hereto as Exhibit B, provides that the Court specifically retains jurisdiction to enforce the terms and conditions of the Agreement.

22. Paragraph No. 2 of the Agreement provides, in pertinent part, that the firm, in full and final satisfaction of plaintiff's claims, shall pay plaintiff $500.00 a month on the first day of each month through and including December, 2005.

23. The agreement provides that each monthly payment shall be addressed and made payable to plaintiff's counsel.

24. The Agreement further provides that, in the event that the firm fails to make any payment by the tenth day of the month in which it is due, plaintiff shall give written notice to the firm and the firm's counsel of such failure. If the firm fails to make payment within ten days of receipt of the written notice, plaintiff shall have the right to seek an order from the Court to enforce the terms of the Agreement.

25. Plaintiff's counsel did not receive the firm's November 2003 payment by November 10, 2003. Plaintiff's counsel attempted to contact defendant by telephone, without success.

26. Accordingly, on November 18, 2003, pursuant to the terms of the Agreement, counsel notified the firm and the firm's counsel, by facsimile and regular mail, of the firm's failure to make payment. See copy of November 18, 2003 Grant letter to Sullivan, and Fax History Report attached hereto as Exhibit C.

27. To date, plaintiff's counsel has not received the

November payment from the firm. Accordingly, the firm is in breach of the agreement.

28. In addition, plaintiff's counsel has not received any further monthly payments from defendants.

29. Defendants still owe plaintiff $13,000.00 in full settlement of this matter, pursuant to the Agreement.

30. Plaintiff has learned that Andrew Sullivan resides at 6372 Via Venetia North, Delray Beach, Florida.

31. Defendant's failure to fulfill his duties under the agreement of the parties has already subjected plaintiff to costs and expenses in his attempt to collect payments due.

32. On December 23, 2003, Andrew Sullivan notified plaintiff's counsel that Sullivan Associates, Inc. was dissolving as a corporation, with liens on the corporation totaling in excess of $800,000.00, and would not make any further payments to plaintiff.

33. On February 26, 2004, the Court held a hearing on plaintiff's Motion to Enforce the Settlement. Neither Sullivan nor his counsel attended the hearing.

34. On April 13, 2004, the Court ordered that the June 10, 2003 order dismissing this action be vacated, and granted plaintiff permission to file the instant amended complaint.

35. Plaintiff now requests the Court enter an order requiring defendants

6

to pay the full amount of the settlement, including reasonable attorney's fees and all costs of enforcing the agreement and the Court's order.

36. The judgment plaintiff seeks is necessary for him to be made whole, and would serve the interests of justice and the authority of the Court.

### V.    Piercing the Corporate Veil

37. Plaintiff incorporates paragraphs 1 through 36 as though fully set forth herein.

38. Sullivan and Associates, Inc. is the alter ego of Andrew Sullivan.

39. Sullivan Associates, Inc. is a closely held corporation, of which Andrew Sullivan is the president, treasurer and sole stockholder.

40. Upon information and belief, Sullivan Associates, Inc. has not performed any architectural services for several years. In fact, Andrew Sullivan has long been a principal in The Martin Architectural Group, a Philadelphia firm which competes with Sullivan Associates, Inc. for architectural opportunities in the greater Philadelphia area.

41. Sullivan Associates, Inc.'s business address is the same as Andrew Sullivan's home address, i.e., 6372 Via Venetia North, Delray Beach, Florida 33484.

42. Upon information and belief, Andrew Sullivan knew when he signed the agreement "as President of Sullivan Assoc. Inc." that the corporation was grossly under-capitalized, subject to $800,000.00 worth of liens, nearing insolvency, and was unlikely to prove capable of fulfilling the terms of the Agreement.

43. Upon information and belief, defendants have failed to observe corporate formalities, and failed to keep adequate corporate records.

44. Andrew Sullivan maintains Sullivan Associates, Inc. as an alter ego to evade liability on the Agreement which is justly his.

**COUNT I**
**Plaintiff v. Defendants**
**PURSUANT TO ERISA 29 U.S.C. §1132(c)**

45. Plaintiff hereby incorporates by reference paragraphs 1 through 44 as though each were fully set forth herein.

46. Defendant was, at all times material hereto, an "employer" as defined by 20 U.S.C. §1002(5), subject to all requirements of the Act.

47. Defendant is and was, at all times material hereto, the plan administrator, as defined by 29 U.S.C. § 1002(16)(A), and a fiduciary with respect to the Plan as defined by 29 U.S.C.

§1002(21).

48. Under 29 U.S.C. § 1021(a), the plan administrator shall furnish to each plaintiff participate information, including, but not limited to:

    (a)   summary plan description;
    (b)   an annual report;
    (c)   total benefits accrued; and
    (d)   total vested benefits accrued.

49. Pursuant to 20 U.S.C. §1132(c), the information required by §1021(a) must be supplied within thirty (30) days of the employee's written request, subject to a $100 per day penalty. As averred hereinabove, plaintiff's counsel sent a written request to defendant on April 5, 2001; the summary plan description was received on August 8, 2001 more than one hundred and twenty (120) days after plaintiff's counsel's request.

50. Defendant's conduct, as averred hereinabove, constitutes a violation of §1021(a), and is subject to penalties as provided by § 1132(c).

51. As a further result of the firm's failure to produce a summary plan information in a timely fashion, plaintiff was unable to withdraw his accrued benefits from the plan. Between May 4, 2001, i.e., thirty (30) days after plaintiff's written request, and August 8, 2001, the date plaintiff finally received the summary plan information, plaintiff was precluded from withdrawing his accrued benefits from the plan and reinvesting

9

them in a more lucrative instrument.

52. In addition, as averred hereinabove in Paragraph 14, defendant failed to place the correct amount of contributions withheld from plaintiff's paycheck into the Plan in a timely fashion, thereby depriving plaintiff of interest earned on those contributions. Pursuant to 29 C.F.R. §2510.3-102, amounts withheld from an employee's paycheck become assets of the Plan as of the earliest date on which such contributions can reasonably be segregated from the employee's assets. Defendant's failure to timely place the correct amount of plaintiff's contributions into the Plan subjects the fiduciary to any equitable relief the Court deems appropriate, pursuant to 29 U.S.C. §1132(a)(3).

**COUNT II**
**Plaintiff v. Defendants**
**PURSUANT TO ERISA 29 U.S.C. §1161 et seq. (COBRA)**

53. Plaintiff hereby incorporates paragraphs 1 through 52 as if fully set forth herein.

54. As sponsor of a group health plan, defendant is required to provide 18 months of continuation coverage of health benefits to plaintiff under 29 U.S.C. §§1161(a) and 1162(2)(A)(i), should plaintiff lose his coverage as a result of a "qualifying event". Pursuant to 29 U.S.C. §1166(a)(4), defendant is required to notify plaintiff of plaintiff's right to such continuation coverage following the qualifying event.

55. Termination of plaintiff's employment constituted such a qualifying event, pursuant to 29 U.S.C. §1163(2).

56. Defendant provided no such notice and no such continuation coverage for plaintiff.

57. As a result, plaintiff has been forced to pay out of pocket for medical and dental bills incurred following his termination, including, but not limited to, bills for a root canal operation and bills in anticipation of required hand surgery.

## COUNT III
### Plaintiff v. Defendants
### PURSUANT TO PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. C.S.A. §260.1 et seq.

58. Plaintiff incorporates paragraphs 1 through 57 as if fully set forth herein.

59. As averred in paragraph 10 hereinabove, plaintiff is entitled to an annual bonus consisting of 5% of his salary, pursuant to §4.1 of the agreement.

60. Plaintiff did not receive his annual bonus for the final year or for any year of his employment, following his termination on October 8, 2000.

61. In addition, plaintiff did not receive a 90 day notice of termination as required by §4.1 of the agreement.

62. Under 43 Pa. C.S. §260.5, whenever an employer

separates an employee from the payroll, wages or compensation earned shall become due and payable not later than the employer's next regular pay day.

63. Furthermore, under 43 Pa. C.S. §260.10, in addition to compensation of unpaid wages, plaintiff is entitled to liquidated damages in the amount of 25% of total wages due.

64. In addition, under 43 Pa. C.S. §291, any corporation which requires an employee to provide notice of intention to leave employment with the corporation, under penalty of forfeiture of part of wages earned, shall be liable to pay the employee a sum equal to the amount of the forfeiture, if the corporation discharges the employee without similar notice.

**COUNT IV**
**Plaintiff v. Defendants**
**BREACH OF CONTRACT**

65. Plaintiff incorporates paragraphs 1 through 64 as if fully set forth herein.

66. At all times material hereto, plaintiff complied with the terms and conditions of the employment agreement.

67. The acts of defendant averred hereinabove comprised a material violation of a legally enforceable agreement between the parties, as a proximate result of which plaintiff suffered the damages averred hereinabove.

**WHEREFORE,** plaintiff demands judgment in his favor and against defendants, including:

(a) statutory penalties under 29 U.S.C. §1132(c)(1) for defendant's violations of 29 U.S.C. §1021;

(b) equitable relief in the form of full payment of all employee contributions withheld from plaintiff's pay check and not timely deposited into the plan, together with interest, pursuant to 29 U.S.C. §1132(a)(3);

(c) statutory penalties under 29 U.S.C. 1132(c)(1) for defendant's violations of 29 U.S.C. §1166;

(d) reimbursement of medical expenses incurred by plaintiff which otherwise would have been covered by insurance pursuant to COBRA;

(e) attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

(f) compensation for annual bonuses not paid to plaintiff for years 1998 through 2000, plus interest, pursuant to 43 Pa. C.S.A. §260.5;

(g) liquidated damages in the amount of 25% of such unpaid bonuses, pursuant to 43 Pa. C.S.A. §260.10;

    (h)    a sum equal to the amount of plaintiff's wages for 90 days pursuant to 43 Pa. C.S.A. §291;

    (i)    a declaratory judgment holding defendants in breach of the Agreement;

    (j)    a judgment, certifiable and enforceable in the State of Florida ordering defendants to pay plaintiff $13,000.00, plus reasonable attorney's fees and costs expended to enforce the Agreement and the Court's order;

    (k)    compensatory, incidental and consequential damages as allowed by law; and

    (l)    any other costs, interest, and/or equitable relief the Court deems appropriate.

Respectfully submitted,

**WILLIAMS, CUKER & BEREZOFSKY**

By: _____
GERALD J. GRANT, JR., ESQUIRE
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103-1895
(215) 557-0099
Attorneys for Plaintiff

Date:    May 12, 2004

```
F:\DATA\WANZEN\PLEADING\amendedcomplaint.wpd
```